**Albert THOMAS, Plaintiff,**

**v.**

**AMERICAN TOBACCO CO., et al., Defendants.**

No. 5:97–cv–488–1 (WDO).

United States District Court, M.D. Georgia, Macon Division.

June 20, 1997.

Albert Thomas, Sparta, GA, pro se.

Joseph Ogletree, Sparta, GA, pro se.

Edward Keith Thomas, Sparta, GA, pro se.

### *ORDER*

OWENS, District Judge.

Before the court is the Recommendation of the U.S. Magistrate Judge that the complaint filed by plaintiff Thomas be dismissed as against the Georgia Department of Corrections and the Georgia Board of Corrections, and that the claims against the remaining defendants go forward.

The pro se complaint in this case consists of one hundred ten (110) handwritten pages. Plaintiff alleges that he has been diagnosed with smoke-related illnesses of

pulmonary carcinoma and impaired pulmonary capacity allegedly the result of his smoking cigarettes for more than thirty years. He alleges, inter alia, that defendants engaged in a conspiracy to deceive the public about the addictiveness of nicotine and targeted youths and minorities by their advertising practices. In addition, he asserts racketeering claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") for obstruction of justice, mail fraud, wire fraud, and other offenses.

■ FED.R.CIV.P. 8(a)(2) requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Similarly, Rule 8(e)(1) requires that "Each averment of a pleading shall be simple, concise, and direct." Plaintiff's complaint is in violation of Rule 8 in that it is a needlessly lengthy, verbose, and repetitious document containing numerous conclusory assertions, theories, and detailed recitations of evidence instead of the required short statement of his claim, and seeking relief not only for his own claimed damages but also on behalf of other prisoners and tobacco victims. While a complaint containing RICO claims is often required to be somewhat lengthier than other complaints, the assertion of RICO claims does not in itself excuse a plaintiff from satisfying the requirements of Rule 8(a)(2) and Rule 8(e)(1). *See Pahmer v. Greenberg,* 926 F.Supp. 287, 294 n. 2 (E.D.N.Y.1996); *Ouaknine v. MacFarlane,* 897 F.2d 75, 79 (2d Cir.1990).

■ A reviewing court is required to review pro se complaints more liberally than those prepared by an attorney. *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, pro se plaintiffs are required to follow the same procedural rules as other litigants. *Moon v. Newsome,* 863 F.2d 835 (11th Cir.1989). The records of this court show that plaintiff is not a first-time litigator, having filed at least four cases and one motion to intervene since 1994. In addition, the prisoner form complaint attached to the front of the 110 handwritten pages specifically instructs him to "State here as briefly as possible the *facts* of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes." Given his previous experience and the specific instructions provided him on the form, plaintiff's pro se status alone does not in the court's judgment provide an excuse for his ignoring the brevity requirements of Rule 8.

Accordingly, the court will not accept the recommendation of the Magistrate Judge that this case proceed against all defendants except the Georgia Department of Corrections and the Georgia Board of Corrections. Instead, the complaint will be dismissed against all defendants based on plaintiff's failure to comply with Fed.R.Civ.P. 8(a)(2) and 8(e)(1). Dismissal shall be without prejudice to plaintiff's right to file a complaint which complies with Rule 8 against any or all the defendants. *See Gordon v. Terry,* 684 F.2d 736, 738 (11th Cir.1982).