[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 14, 2005
THOMAS K. KAHN
CLERK

No. 05-11427
Non-Argument Calendar

_____

D. C. Docket No. 03-00103-CV-JTC-3

GREGORY PARKS, SR.,

Plaintiff-Appellant,

versus

CITY OF CARROLLTON,
BARRY CARROLL, Chief of Police,
JOHNNY LYNN, Corporal of Carrollton City Police
Department,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 14, 2005)**

Before BLACK, PRYOR  and FAY, Circuit Judges.

PER CURIAM:

Gregory Parks, Sr. appeals pro se the district court's grant of the defendants' motion for summary judgment on his 42 U.S.C. § 1983 claim alleging that the police used excessive force while arresting him in violation of his Fourth Amendment rights. He argues that summary judgment was improper and that remand is necessary because insufficient discovery was conducted in this case. For the reasons stated more fully below, we affirm.

Parks, a Georgia state prisoner at the time he filed his present appeal, filed a complaint against the City of Carrollton; Barry Carroll, chief of police; and Johnny Lynn, a Carrollton City police officer, alleging that, on July 4, 2002, he was placed in the back of a police car following an argument with his wife and that Officer Lynn yanked him out of the car, threw him to the ground, and handcuffed him too tightly. Lynn placed Parks back into the car, but because the handcuffs were cutting into his hands, Parks tried to get an officer's attention by kicking at the window with his foot. Lynn then asked Parks why he was kicking on the door and, according to Parks, Lynn put his hand in Parks's face. Lynn's finger then went into Parks's mouth, at which point Parks bit Lynn's finger, prompting Lynn to say, "he bit the shit out of me," before hitting Parks in the face four to five times, causing him to bleed. Parks did not allege that his nose was broken or indicate that

2

medical treatment was required. Parks was later found guilty, after a trial, of hindering a law enforcement officer. The complaint did not indicate what, if anything, the City or Chief Carroll had done to Parks. However, Parks requested, as damages, an internal affairs investigation, compensatory, nominal, and punitive damages, and disciplinary actions against the officers on the scene of his arrest.

After Parks's claim had been screened for frivolity and allowed to proceed, he submitted his initial disclosures on a form that requested any information about witnesses who would present evidence under Rules 702, 703, or 705 (expert testimony), as well as a written report from any such witness as required under Fed.R.Civ.P. 26(a)(2)(B), or any evidence of an insurance agreement under which a person might be liable pursuant to Fed.R.Civ.P. 34. Parks claimed that he had, as evidence, a trial transcript of Lynn's testimony and a photo of himself, but neither was submitted.

The defendants filed an answer on December 30, 2003, and asserted a number of defenses, including qualified immunity. On June 18, 2004, the defendants filed a motion for leave to file for summary judgment one day late, accompanied by a brief and exhibits. In their motion for summary judgment, the defendants argued first that Parks had failed to prove that the use of force to arrest him was objectively unreasonable. Second, they argued that officer Lynn was

3

entitled to qualified immunity because he was acting in his discretionary authority and reasonably responded to Parks's struggling in the back of the police car and biting Lynn's finger. Lastly, they argued that the City of Carrollton and Chief Barry Carroll should be granted summary judgment because any alleged constitutional violation did not result from an official policy.

As evidence, the defendants submitted the sworn affidavit of Johnny Lynn. Lynn stated that he is a corporal with the Carrollton Police Department and was one of the officers responding to a call regarding domestic violence on July 4, 2002. Chief Barry Carroll was not present on the scene and, when Lynn arrived, Parks was being questioned by a fellow officer. Parks gave his name as Ray Parks, with a birth date of August 8, 1987, which the police determined was false, causing Parks to be arrested and placed in the back of a patrol car for giving false information. During the continued investigation, a seatbelt was strapped across Parks, but it was not locked down, enabling Parks to move around inside the vehicle. Parks began kicking the interior of the car despite being instructed to stop, and Lynn stated arrestees had previously kicked out windows of a patrol car and jumped out. Lynn and another officer attempted to subdue Parks and lock down the seatbelt, and Parks continued to struggle, spitting in Lynn's face and causing Lynn to put his hand on Parks's face to turn his head away. While his hand was on

4

Parks's face, Parks turned and bit down on Lynn's finger hard enough to draw blood and, as soon as his hand was free, Lynn struck Parks twice to subdue him and then tightened down the seatbelt to prevent further movement. The last page showed that the motion and accompanying documents had been mailed to Parks.

Included with the motion was a notice to respond to summary judgment, mailed by the clerk of court and addressed to Parks at his place of detention, Rivers State Prison. On June 28, 2004, however, Parks advised the court that he had received the "notice to respond," but had not yet been served with the defendants' motion. He filed a similar advisement indicating that, as of July 12, 2004, he had still not received the defendants' motion and, therefore, could not respond to it. On October 20, 2004, Parks filed a motion for an extension of time to pursue discovery, stating he had just learned of the discovery procedures. The defendants opposed Parks's motion, arguing that they had filed their answer to Parks's complaint on December 30, 2003, and that the deadline for discovery was May 28, 2004. Because procedural rules apply equally to pro se litigants, the defendants argued that Parks should not be allowed to reopen discovery nearly a year after their answer had been filed and six months after discovery had been closed. Parks then filed a motion to compel discovery on December 22, 2004.

On December 23, 2004, the district court granted the defendants' motion to

file for summary judgment one day late, denied Parks's motion to extend discovery, and directed the defendants to serve Parks with another copy of their summary judgment motion and to file a return receipt with the court as soon as they received it. On January 14, 2005, Parks filed an "objection to Defendant's motion for Summary Judgment." In it, he argued that Lynn did use excessive force when arresting him and that Lynn was not entitled to qualified immunity because he used excessive force while Parks was handcuffed with his hands behind his back and strapped down in Lynn's patrol car. He further argued that the City of Carrollton and Chief Barry Carroll were not entitled to summary judgment because Lynn violated a policy while under the supervision of both the City and Chief Carroll.

The only evidence submitted by Parks were excerpts of a jury trial conducted in the Superior Court for the County of Carroll in Georgia. The testimony submitted appears to be from Officer Lynn, who testified that, on the night of Parks's arrest, Parks repeatedly asked officers to take him to jail, but Lynn, the supervising officer on the scene, refused to do so because he wanted to make sure that a proper investigation was completed. Lynn further testified that Parks had bitten his finger and, as he was pulling his finger out of Parks's mouth, Lynn struck Parks three or four times. As a result of Lynn's actions, Parks

6

received a bloody nose. Parks also submitted the testimony of someone who appears to have been an officer on the scene at the time of Parks's arrest. The testimony indicated that Lynn went to a patrol car to tell Parks not to kick the window or door and that Parks became belligerent, screaming "just take me to jail," and that, at some point, Lynn screamed something, backed out of the car, and had blood on his arms. No other evidence was submitted.

The district court issued an order granting the defendants' motion for summary judgment and denying the motion that Parks had filed to compel discovery. As to the discovery, the court found that Parks had ample opportunity to seek discovery from the defendants and had failed to show that the defendants had failed to respond, or show cause for his seven-month delay in seeking discovery. Next, the court granted summary judgment to defendant Chief Barry Carroll because he was not present at Parks's arrest on July 4, 2002.

As to Lynn, the court found that Parks was required to show that Lynn was not entitled to qualified immunity and that he had failed to meet his burden. Specifically, the court found that Parks had presented no evidence suggesting that Lynn's actions after Parks bit Lynn's finger were objectively unreasonable under the totality of the circumstances. It further found that Parks had presented no evidence contradicting Lynn's affidavit, failed to provide the videotape of his

7

arrest or photographs of his bloody face after his arrest, and could not rely solely on his pleadings to defeat Lynn's sworn statement. It also found that the trial excerpts did not suggest that Lynn's use of force was unreasonable. Finally, the court found that the City was entitled to summary judgment because Parks had failed to provide any evidence that the force used during his arrest was part of a persistent and widespread practice, or that Lynn, Carroll, or any other city official had final policy-making authority regarding the use of force in effecting arrests.

On appeal, Parks argues that his § 1983 claim alleging excessive force must be judged by reference to the specific constitutional standards governing his right to be free from unreasonable seizures. He then proceeds to argue that the defendants did not pursue discovery and, therefore, as best as can be discerned, could not have met their burden of showing that there were no genuine issues of material fact to be decided at trial. Parks argues that qualified immunity does not apply because the City hired Lynn and Carroll and both officers violated federal law. Parks requests a remand to pursue his § 1983 claims, including discovery. It is noted, however, that Parks lists three enumerations of errors in his statement of issues: (1) the district court erred by accepting a motion for summary judgment out of time; (2) the district court erred by accepting a summary judgment motion that was not served to him, preventing him from adequately responding; and (3) the

district court erred by not reviewing the trial transcripts he presented. These arguments are not developed in Parks's brief.

As a preliminary matter, Parks lists, among his issues for appeal, that the district court erred by accepting the defendants' motion for summary judgment out of time. Although he does not elaborate further argument on that issue in brief, he did attempt to make this argument in the district court in his summary judgment response. However, Parks has given no reason on appeal why the district court erred by accepting the defendants' motion one day late. Parks has shown no prejudice to himself and, to the extent he relies upon the lack of intensive discovery, that argument is addressed below.

"This court reviews de novo the district court's grant of summary judgment based on the defense of qualified immunity." Holmes v. Kucynda, 321 F.3d 1069, 1077 (11th Cir. 2003) (citation omitted). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; Celotex v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). This Court views the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion, and all reasonable

doubts about the facts are resolved in favor of the non-movant. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999). There is a genuine issue of material fact only if the nonmoving party has produced evidence such that a reasonable fact-finder could return a verdict in its favor. Waddell v. Valley Forge Dental Assocs., Inc., 276 F.3d 1275, 1279 (11th Cir. 2001).

First, to the extent Parks is arguing that the defendants did not pursue any discovery and, therefore, could not have met their burden of showing the lack of genuine issues of material fact, the contention is without merit. The defendants came forward with the sworn affidavit of Officer Lynn and argued that he was entitled to qualified immunity because the force used during Parks's arrest was not objectively unreasonable. Lynn's sworn affidavit was evidence and, left uncontested, was sufficient for the district court to consider the defendants' motion because the affidavit set out the events of July 4, 2002, leading to Parks's arrest and the actions Lynn took, including the use of force, while making the arrest.

Second, to the extent that Parks's initial brief is construed as arguing that a remand is required to permit Parks to conduct discovery, and further construed as being an appeal of the district court's denial of his motion to compel discovery, this contention is also without merit. We review a district court's discovery rulings for an abuse of discretion. See Burger King Corp. v. Weaver, 169 F.3d 1310, 1315

10

(11th Cir. 1999). We have held that pro se litigants, while entitled to liberal construction of their pleadings, are required to conform to procedural rules. See Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002); see also McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("once a pro se IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

Pursuant to Local Rule 26.2 and Appendix F, the discovery period in this case began 30 days after the defendants filed their answer and was to last four months.[1] The defendants' answer was filed on December 30, 2003, meaning that discovery was scheduled to last from January 29, 2004, until May 29, 2004. Parks did not file for an extension of time for discovery until October 26, 2004, five months after discovery had concluded, and did not file his motion to compel discovery until December 22, 2004. Notwithstanding that delay, Parks was given an initial disclosure form shortly after he filed his complaint, and the form made direct reference to both the Federal Rules of Evidence and the Federal Rules of Civil Procedure. Parks informed the court of witnesses who he believed had

---

[1] While not technically a part of the district court's record, we take judicial notice of the local rules for the Northern District of Georgia and the appendix. See Fed.R.Evid. 201(b)-(c), (f).

11

discoverable information, as well as two pieces of evidence, a photo and a trial transcript, that he believed to be relevant to his claim. Parks apparently was able to obtain the trial transcript, as excerpts were included in his opposition to the defendants' summary judgment motion. However, Parks never included the photo, nor has he demonstrated any attempts to seek discovery from the defendants. In short, we conclude that the district court did not abuse its discretion by denying Parks's motion to compel.

Turning to the court's disposition of the summary judgment motion, the district court properly granted summary judgment to Chief Carroll in his individual capacity because Carroll was not present at Parks's arrest and, therefore, could not have had any involvement in any alleged use of excessive force. Second, to the extent that Carroll and Lynn were sued in their official capacities, it was the functional equivalent of suing the City itself, which Parks did. See Alexander v. Fulton County, Ga., 207 F.3d 1303, 1322 n.14 (11th Cir. 2000).

To prevail against the City, Parks was required to prove that the allegedly unconstitutional action implemented an official policy of the City or was the result of a governmental custom. See Monell v. Dep't of Social Services, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 2035-36, 56 L.Ed.2d 611 (1978). Furthermore, the City cannot be held liable under a theory of respondeat superior. Id. at 691, 98 S.Ct. at

12

2036. Moreover, to the extent that Parks argues that the City failed to prevent its officers from using excessive force in arrests, he must show that the City acted with deliberate indifference to known or obvious consequences. Davis v. DeKalb County School District, 233 F.3d 1367, 1375-76 (11th Cir. 2000).

Here, Parks neither alleged in his complaint nor proffered any evidence suggesting that the use of excessive force in arrests is widespread or persistent, let alone that it is a policy or custom of the City of Carrollton or implemented by Chief Carroll or Officer Lynn. Nor has he alleged, let alone supplied any record evidence, indicating that the City was deliberately indifferent to the consequences of its officers using excessive force during arrests. Accordingly, Lynn and Carroll were entitled to summary judgment to the extent they were sued in their official capacities, as was the City of Carrollton.

Turning to Parks's claim against Lynn in his individual capacity, "[t]he defense of qualified immunity completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003).[2] In determining whether qualified immunity applies, the court

_____

[2] There is no dispute that officer Lynn was acting in his discretionary function when he arrested Parks. See Hudgins v. City of Ashburn, Ga., 890 F.2d 396, 404 (11th Cir. 1989)

13

first asks whether the plaintiff's allegations, if true, establish a violation of a constitutional right, and second, whether that right was clearly established. Id. at 1358. Thus, if no constitutional violation is established, then the officer prevails, and "there is no necessity for further inquiries concerning qualified immunity." Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed. 272 (2001).

The Fourth Amendment encompasses the right to be free from the use of excessive force during an arrest. Vinyard v. Wilson, 311 F.3d 1340, 1347 (11th Cir. 2002). We evaluate the reasonableness of the force used under an objective standard and ask whether an officer's actions were reasonable "in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation." Estate of Kesinger v. Herrington, 381 F.3d 1243, 1248 (11th Cir. 2004). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation." Graham v. Connor, 490 U.S. 386, 396-97, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (1989).

We have also looked to "the need for force, the amount of force used, and

(holding that a government official acts in his discretionary authority where "objective circumstances . . . compel the conclusion that his actions were undertaken pursuant to the performance of his duties and within the scope of his authority.").

14

the injury inflicted." Jones v. City of Dothan, Ala., 121 F.3d 1456, 1460 (11th Cir. 1997). Finally, "qualified immunity applies unless application of the standard would inevitably lead every reasonable officer in [the position of the defendant officer] to conclude the force was unlawful." Nolin v. Isbell, 207 F.3d 1253, 1255 (11th Cir. 2000).

In his affidavit, Lynn stated that Parks was arrested, handcuffed, and placed in the back of a patrol car and, although the seatbelt was strapped across Parks, he was not locked down and was able to move inside the vehicle. Parks began kicking the inside of the car and arrestees had, in the past, kicked out the windows in a patrol car and jumped out. Lynn responded by getting into the back seat and trying to subdue Parks and lock the seatbelt down, and Parks responded by continuing to struggle with Lynn, yelling and spitting in his face. When Lynn put his hand on Parks's face, Parks bit Lynn's finger, drawing blood, causing Lynn to strike Parks "two times" to subdue him.

Aside from his pleadings, which are insufficient to defeat summary judgment,[3] Parks submitted excerpts of Lynn's trial testimony. Nothing in those transcripts creates an issue of material fact refuting Lynn's affidavit. It is noted

---

[3] See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (holding that an adverse party may not rest upon the mere allegations or denials of his pleading to defeat summary judgment).

15

that Lynn's testimony, according to the transcripts, was that he hit Parks "three or four times" and Parks received a bloody nose. However, the undisputed evidence–and Parks's pleading is not evidence for purposes of summary judgment–is that Parks was struggling in the back of the car and using his feet to kick at the interior. Officer Lynn, aware that arrestees had attempted to escape in similar ways, tried to lock Parks's seatbelt while Parks yelled and resisted. When Lynn put his hand on Parks's face, apparently to prevent Parks from spitting on him, Parks bit Lynn's finger, drawing blood and, under these circumstances, Lynn struck Parks in an effort to subdue him, causing Parks to bleed from his nose.

On these facts and in these circumstances, it cannot be said that Lynn's actions were objectively unreasonable in response to Parks's struggle and infliction of a minor wound to Officer Lynn. It was not unreasonable to want to secure Parks in order to prevent a possible escape, and the amount of force was not excessive given Parks resistance. At the very least, we conclude that it is implausible that every reasonable officer placed in Lynn's position would find the force he used was unlawful, especially given that Parks has not even alleged, let alone presented evidence, that his nose was broken or that medical treatment was needed. See Nolin, 207 F.3d at 1255; Post v. City of Fort Lauderdale, 7 F.3d 1552, 1559-60 (11th Cir. 1993) (holding that, while there was no more need for force

16

after the defendant had been placed in a choke-hold and handcuffed, the fact that he was pushed into a wall did not make the force unlawful and, therefore, the officer involved was entitled to immunity); Gold v. City of Miami, 121 F.3d 1442, 1446-47 (11th Cir. 1997) (holding that the minor nature of the defendant's injuries from forceful handcuffing would not "inevitably lead" a reasonable officer to conclude that the force used was unlawful); Jones, 121 F.3d at 1460-61 (holding that, while slamming the defendant against the wall, kicking his legs apart, and grabbing his wallet from his pants might have constituted unnecessary force, the injuries were minor and reasonable officers would not inevitably conclude that the force used was unlawful).

Accordingly, we conclude that the undisputed material facts do not show Lynn's actions to have been objectively unreasonable under the Fourth Amendment and, furthermore, they were not so unreasonable that an officer faced with Lynn's situation would have inevitably believed the force used was unlawful. Based on the foregoing, we conclude that summary judgment was properly granted to Lynn, Chief Carroll, and the City of Carrollton. We, therefore, affirm.

**AFFIRMED.**