[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10754
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-03349-AT


KELVIN STEPHENS,

Plaintiff-Appellant,

versus

EQUIFAX,
EXPERIAN,
TRANSUNION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 25, 2018)

Before ED CARNES, Chief Judge, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Kelvin Stephens, proceeding pro se, appeals the district court's order dismissing his civil action for failure to obey a court order.

Stephens filed a complaint alleging that Equifax, Experian, and Transunion violated the Fair Credit Reporting Act by incorrectly reporting his credit information and ignoring his requests to correct the inaccuracies.  A magistrate judge recognized that Stephens was a pro se litigant but ruled that his complaint violated Federal Rules of Civil Procedure 8(a)(2) and 10(b) because he failed to present a short, plain statement of relief and his claims were not listed in separate counts.  The magistrate judge also stated that Stephens did not identify the alleged inaccuracies and other information necessary to allege plausible claims for relief. The magistrate judge allowed Stephens to file an amended complaint and gave him specific instructions to follow, such as providing a brief factual background and alleging each cause of action under a separate count.

Stephens timely filed an amended complaint, which repeated his general allegations and listed each defendant in a separate paragraph.  The magistrate judge ruled that, liberally construed, his amended complaint still failed to identify the alleged inaccuracies and other information necessary to state a plausible claim for relief.  The magistrate judge instructed him to file a second amended complaint that alleged in separate paragraphs specific facts against the defendants.  The

2

magistrate judge advised Stephens that his failure to comply with the order would result in a recommendation that his action be dismissed.

Stephens did not file a second amended complaint. The district court dismissed the action, finding that Stephens had engaged in a clear pattern of willful conduct by choosing to ignore the magistrate judge's directions and that lesser sanctions would not suffice. This is Stephens' appeal.

Stephens' brief, liberally construed, does not address any of the district court's reasons for dismissing his appeal, which means that he has abandoned those issues. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a pro se litigant are deemed abandoned."). As a result, the district court's judgment must be affirmed. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").[1]

**AFFIRMED.**

---

[1] Even if Stephens had briefed those issues, he could not show that the district court abused its discretion in dismissing this action. The record shows that he repeatedly failed to comply with the magistrate judge's instructions, and the magistrate judge warned him that failure to comply with those instructions would result in a recommendation of dismissal. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").