[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12289
Non-Argument Calendar
_____

D.C. Docket No. 7:17-cv-00007-HL

MAE SINGLETARY,
VICTOR MEYERS,
DEBBIE MEYERS,

Plaintiffs-Appellants,

versus

UNITED STATES DEPARTMENT OF AGRICULTURE
RURAL ECONOMIC AND COMMUNITY DEVELOPMENT DIVISION,
ED PEACE, USDA,
JESSICA KANG, Tift Regional Medical Center,
ALPHA RAY, Tift Regional Medical Center,
HOUSTON SHAULTZ, Tift County Code of Enforcement,
KATHY ABERSON, Tift Regional Medical Center,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(March 8, 2019)

Before BRANCH, GRANT, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiffs Mae Singletary, Victor Meyers, and Debbie Meyers appeal the dismissal of their *pro se* complaint alleging harassment, damages, and pain and suffering related to housing and medical issues.  We affirm.  On these facts, the district court's dismissal of the complaint—which fell far short of federal pleading requirements—was supported by our precedents.  Plaintiffs have also failed to raise any argument regarding the dismissal on appeal.

I.

Plaintiffs filed a lawsuit in the Middle District of Georgia against the United States Department of Agriculture and one of its employees, three individuals associated in some way with Tift Regional Medical Center, and a Tift County code enforcement officer.  They filled out a "Complaint for a Civil Case" form, but the information they entered on the form shed no light on the nature of their claims, the actions of the defendants giving rise to those claims, or the basis for federal court jurisdiction.

The district court held a "pro se status conference," during which it informed Singletary and Victor Meyers[1] that their complaint was "not drawn up properly,"

---

[1] Debbie Meyers, who lives in New York, did not attend.

and that they could not hope to succeed without a lawyer.  The court strongly encouraged them to hire an attorney and offered to continue the case to give them an opportunity to do so.  Plaintiffs nonetheless chose to proceed without an attorney.

That same day, plaintiffs filed an amended complaint, which consisted of a copy of their original complaint and some letters and other material that they had apparently intended to file along with their original complaint.  None of the material attached to their amended complaint provided a basis for federal jurisdiction or clarified either the nature of their claims or the specific acts of the defendants that gave rise to their suit.

Two months after plaintiffs filed their amended complaint, the district court instructed them that it was still insufficient and ordered them to amend again, specifically directing them to provide (1) the basis for federal jurisdiction; and (2) facts sufficient to state a claim for relief, including the specific conduct of each defendant that entitled them to relief, dates and locations of the alleged wrongful conduct, and the harm that each plaintiff suffered as a result.  The court warned plaintiffs that the failure to amend their complaint would result in dismissal for failure to prosecute.

Plaintiffs did not file a second amended complaint.  Instead, they each filed a notarized letter addressed to the district court judge.  None of the letters complied

with the district court's instructions to remedy the deficiencies in the amended complaint. Faced with a complaint that did not meet even the most basic pleading requirements and plaintiffs who refused to amend, the district court dismissed the amended complaint for failure to prosecute, just as it said it would do. This appeal followed.

## II.

The dismissal was likely well within the district court's authority and discretion. *See Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1358–59 (11th Cir. 2018) (affirming the district court's dismissal with prejudice where plaintiffs failed to correct deficiencies in their rambling, incomprehensible "shotgun" complaint after being given an opportunity to do so); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). But we need not reach this issue, because plaintiffs have not actually challenged the dismissal on appeal.

In place of the brief required by Federal Rule of Appellate Procedure 28 and Eleventh Circuit Rule 28-1, each plaintiff submitted a letter to this Court. None of the letters address the district court's dismissal order; instead, plaintiffs state that they are seeking three million dollars in damages and make vague references to harm that they have suffered due to the (still unspecified) actions of the defendants.

4

In other words, plaintiffs have waived or abandoned any argument that they might have made on appeal.

"[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). And while we construe briefs filed by pro se litigants liberally, even pro se litigants must follow the rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *see Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (issues not briefed by a litigant—even one proceeding pro se—are deemed abandoned).

"[P]assing references" to an issue in an appellant's opening brief are not enough to bring the issue before this Court on appeal. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). "If an argument is not fully briefed (let alone not presented at all) to the Circuit Court, evaluating its merits would be improper both because the appellants may control the issues they raise on appeal, and because the appellee would have no opportunity to respond to it. Indeed, evaluating an issue on the merits that has not been raised in the initial brief would undermine the very adversarial nature of our appellate system." *Access Now, Inc.*, 385 F.3d at 1330.

**AFFIRMED.**

5