[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10309
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-00251-S-K


ROBERT W. JOHNSON,

Plaintiff-Appellant,

versus

KRISTI K. DUBOSE,
Chief U.S. District Judge,
BRADLEY MURRAY,
U.S. Magistrate Judge,
VICTORIA FIRE & CASUALTY COMPANY,
STATE OF ALABAMA,
NATIONWIDE INSURANCE: CAMBRIDGE INSURANCE GROUP LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(May 5, 2020)

Before JORDAN, NEWSOM and TJOFLAT, Circuit Judges.

PER CURIAM:

Robert Johnson, proceeding *pro se*, appeals the District Court's dismissal without prejudice of his civil rights complaint for failing to prosecute and failing to comply with the Court's order.  On appeal, Johnson argues that the District Court violated his due process rights by dismissing his complaint without holding a jury trial or a hearing.  We affirm the District Court's order of dismissal.

If the plaintiff fails to comply with a court order or fails to prosecute the case, a defendant may move to dismiss the action.  Fed. R. Civ. P. 41(b).  A district court may *sua sponte* dismiss a case under the authority of either Rule 41(b) or the court's inherent power to manage its docket.[1]  *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005).  We review a dismissal without prejudice on these grounds for abuse of discretion.  *Gratton v. Great Am. Commc'ns.*, 178 F.3d 1373, 1374 (11th Cir. 1999).  "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

---

[1] Moreover, under Local Rule 41(c) in the Southern District of Alabama, the Court may dismiss a civil case for failure to prosecute if it appears that the plaintiff is not diligently prosecuting the action.  S.D. Ala. Civ. R. 41(c).

2

Further, a dismissal without prejudice generally does not constitute an abuse of discretion because the affected party may simply re-file. *See, e.g.*, *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice under Rule 41(b) for failure to file a court-ordered brief was not an abuse of discretion). Dismissals with prejudice, by contrast, are "drastic remed[ies]" that should be used only when "a lesser sanction would not better serve the interests of justice." *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993) (internal quotations omitted).

Here, the District Court did not abuse its discretion by dismissing Johnson's complaint without prejudice. Johnson's complaint listed as defendants two judges of the Southern District of Alabama, the state of Alabama, and two insurance companies. Johnson claims that his civil rights were violated by the governmental defendants when a previous lawsuit that he filed against the insurance company defendants was dismissed. Due to deficiencies in his present complaint, including failure to state a claim against any of the above defendants and failure to properly allege subject matter jurisdiction, the Court ordered him to either amend his complaint or file a notice of voluntary dismissal.[2] Johnson did not do so. Nor did he show cause why his complaint should not be dismissed when ordered to do so

---

[2] Indeed, the Magistrate Judge explicitly warned Johnson that failure to comply with the order would result in a recommendation that his case be dismissed.

by the Court, instead merely filing a list of "objections" and again requesting that the Court hold a hearing on his case.  It was not an abuse of discretion for the Court to make good on its warning under the circumstances.  Accordingly, we affirm the District Court's dismissal without prejudice of Johnson's complaint.

**AFFIRMED.**

4