[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12328
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-05320-TWT


RENEE C. ALLEN-ARMBRISTER,

                                             Plaintiff-Appellant,

versus

COLONIAL PIPELINE COMPANY,

                                             Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 1, 2020)

Before NEWSOM, BRANCH and BLACK, Circuit Judges.

PER CURIAM:

Renee Allen-Armbrister (Armbrister), proceeding *pro se*, appeals the district court's dismissal of her employment discrimination lawsuit, as well as the court's denial of several motions seeking reasonable accommodation.  She argues on appeal that, first, the district court abused its discretion in dismissing her complaint for want of prosecution and denying her further leave to amend her complaint.  Second, she argues that the district court abused its discretion in denying her requests for reasonable accommodation.  After review, we affirm.

The Federal Rules of Civil Procedure authorize a district court to dismiss actions for failure to comply with the rules or any order of the court. Fed. R. Civ. P. 41(b).  Moreover, under Northern District of Georgia Local Rule 41.3(A)(2), the district court may, with or without notice to the parties, dismiss a civil case for want of prosecution if a plaintiff fails or refuses to obey a lawful order of the court. N.D. Ga. L.R. 41.3(A)(2).

The district court did not abuse its discretion in dismissing Armbrister's complaint for want of prosecution.  Despite numerous warnings, Armbrister repeatedly flouted the magistrate judge's orders by filing shotgun pleadings that exceeded the page limits set by the court and failing to comply with multiple deadlines.  *See United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) (noting this Court has repeatedly condemned shotgun pleadings); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon

disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

Specifically, the magistrate judge granted Armbrister leave to amend her complaint, and he explained in detail why her proposed 288-page amended complaint was a shotgun pleading that did not state a viable claim. Instead of complying with the magistrate judge's order to file a 35-page complaint or show cause as to why her complaint should not be dismissed, Armbrister filed a motion for reconsideration, arguing in part that her proposed complaint was sufficient. In denying that motion, the magistrate judge again explained why the proposed complaint was insufficient. The magistrate judge even granted her an additional 10 pages (for a total of 45 pages) and extended the time for Armbrister to file her amended complaint.

But Armbrister again failed to file an appropriate amended complaint by the deadline and instead filed a request for reasonable accommodation one day before the extended deadline. The magistrate judge denied her request but expanded the page limit by another five pages and granted Armbrister yet another extension of time—this time for 60 days. Despite those additional extensions—and despite a warning from the district court that it would grant no further extensions—Armbrister again failed to comply, instead choosing to file a slew of additional motions for accommodation and reconsideration, along with yet another pleading

3

that did not comply with the court's orders.[1]  Although Armbrister, as a *pro se*

litigant, was to be treated leniently and given an opportunity to amend her

defective pleading, that leniency cannot excuse her failure to conform to

procedural requirements prescribed by the Federal Rules of Civil Procedure and

the district court's local rules.  *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir.

2002).

The record demonstrates that Armbrister engaged in a clear pattern of delay

and consistently filed deficient and impermissibly lengthy pleadings.  Under these

circumstances, it was well within the district court's discretion to dismiss

Armbrister's complaint with prejudice for want of prosecution due to her repeated

failure to comply with the court's orders.  *See Kilgo v. Ricks*, 983 F.2d 189, 192

(11th Cir. 1993).

As to Armbrister's requests for reasonable accommodations, we conclude the

district court did not abuse its discretion in denying those requests.  Armbrister

repeatedly asked the magistrate judge and district court to provide her certain

accommodations due to alleged mental and psychological disorders that impacted

---

[1] We acknowledge Armbrister did eventually file a final amended complaint that complied with the magistrate judge's 50-page limit, and that she did so before the district court officially dismissed her case (though after the magistrate judge had entered his final Report and Recommendation).  But the district court was not obliged to grant yet another motion to amend at that late stage.  *See  Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (noting that while a district court should give a plaintiff the opportunity to amend her complaint, it is not required to do so if "there has been . . . repeated failure to cure deficiencies by amendments previously allowed").

her ability to think, communicate, and concentrate. She requested, among other things, the right to file a complaint that would vastly exceed the generally applicable page limit (over 200 pages) and additional extensions of time in which to comply with the court's orders. She also requested the court provide her with clear and simple instructions as to how to rectify the issues with her pleadings.

Armbrister's request to file a 200-page complaint was patently unreasonable given the nature of her claims, and she had already been granted an extended page limit of 50 pages. Further, it was completely within the court's discretion to refuse to grant her more time, particularly because Armbrister had already been given six months to file an amended complaint in compliance with the original order to file a proper amended complaint. *See* Fed. R. Civ. P. 6(b)(1); *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). As for her request for simple, step-by-step instructions, we find the magistrate judge's multiple explanations of the problems with Armbrister's proposed pleadings were more than adequate. The court was not required to and, indeed, could not act as Armbrister's counsel or re-write her otherwise deficient pleadings for her. *See Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2007).

Armbrister's contention that the district court's denial of her repeated requests for accommodations denies her access to the court is unpersuasive. Although she is entitled, as are all litigants, to reasonable access to the courts, this

5

access is generally considered provided to *pro se* litigants where they have been granted leave to proceed *in forma pauperis*, as Armbrister was. *See Moon*, 863 F.2d at 837.

Because we conclude the district court did not abuse its discretion in dismissing Armbrister's complaint or in declining to provide her with requested accommodations, we affirm.

**AFFIRMED.**