[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-13378
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-22400-KMW


LAWRENCE WELLS,

Plaintiff-Appellant,


versus


ROYAL CARIBBEAN INTERNATIONAL CRUISES LTD,
TONI CAINE-MASTER,
LUKSA MORETIC,
Staff Captain,
COLIN J. CLARKE,
Department Head,
GABRIELA MOEANU,
HR, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 20, 2021)

Before JORDAN, JILL PRYOR and GRANT, Circuit Judges.

PER CURIAM:

Lawrence Wells, proceeding *pro se*, appeals the district court's dismissal with prejudice of his second amended complaint as an impermissible shotgun pleading, in violation of Federal Rule of Civil Procedure 8(a). After careful review, we affirm.

I.

Wells filed a *pro se* employment discrimination complaint against his former employer, Royal Caribbean International Cruises Ltd., and six Royal Caribbean employees. The complaint alleged that the defendants had unlawfully subjected Wells to unequal terms and conditions of employment on account of his race and age, retaliated against him for engaging in protected activity, and terminated his employment, in violation of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and the International Labor Organization's regulations. Wells moved to amend his complaint to add as defendants two union representatives and the union to which

2

he belonged, the Norwegian Seafarers' Union.  The district court granted Wells leave to amend and ordered him to file the appropriate summonses identifying the parties to be served.

Instead of amending his complaint, Wells re-filed an identical copy of his original complaint, along with his motion to amend to add three defendants.  After some proceedings regarding improper summonses that are immaterial to this appeal, two defendants (Yamilet Hurtado and Catalin Tanase) moved to dismiss this first amended complaint.  Among other things, they argued that the amended complaint failed to plead any facts related to them and thus any claims against them must be dismissed for failure to state a claim.  The district court granted the motion to dismiss in part and dismissed the amended complaint without prejudice as an impermissible shotgun pleading.  The court found that Wells had failed to comply with pleading requirements because he had not presented his claims in separate numbered paragraphs, had failed to articulate the facts supporting each cause of action, and had not stated which claims related to the various defendants.  The court agreed with Hurtado and Tanase that none of the allegations stated any facts related to those defendants and thus the complaint had failed to give notice of the claims against them and the grounds upon which each claim rested.  And, the court found, Wells had not asserted any basis for jurisdiction over any of the defendants or pled adequate facts to support the claims asserted.

3

The court gave Wells an opportunity to file a second amended complaint.  It directed Wells that his second amended complaint must comply with the pleading requirements set forth in the Federal Rules of Civil Procedure and that failure to comply may result in dismissal with prejudice.  The court expressly directed that the second amended complaint set forth allegations in numbered paragraphs, limit the contents of each paragraph to a single set of circumstances, and base each count on a separate transaction.  The court ordered that the complaint specify which defendants allegedly were responsible for each alleged act or omission and which defendants corresponded to each claim.  The court directed that conclusory, vague, or immaterial facts unconnected to the causes of action asserted not be included in the complaint.

Wells filed a second amended complaint.  In it, he named even more defendants—19 this time.  The complaint was replete with factual allegations that did not seem to correspond to any claims for relief.  It contained some numbered paraphs, but they did not always proceed in numerical order.  It did not expressly list separate counts or explain which claims pertained to which defendants.

Royal Caribbean, Hurtado, and Tanase moved to dismiss, contending that the second amended complaint was still an impermissible shotgun pleading.  They argued that the deficiencies identified in the first amended complaint persisted in the second amended complaint:  it was full of unnumbered paragraphs, failed to

4

articulate facts supporting each cause of action, and did not clearly set forth counts and to which defendant each count was directed.  A magistrate judge prepared a report and recommendation ("R&R") recommending that the motion to dismiss be granted and the second amended complaint be dismissed with prejudice for failing to comply with the pleading requirements of the Federal Rules of Civil Procedure and with the district court's prior order.  Over Wells's objection, the district court adopted the R&R and dismissed the second amended complaint with prejudice. The district court also denied Wells's motion for reconsideration.

This is Wells's appeal.

## II.

Although *pro se* pleadings are held to less stringent standards than pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* litigants are bound by the Federal Rules of Civil Procedure, *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  A court has inherent authority to control its docket and, in some circumstances, dismiss pleadings that fail to conform with the Federal Rules. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). We review the district court's dismissal of a complaint on the ground that it is a shotgun pleading for an abuse of discretion.  *Id.*

## III.

5

Wells argues that the district court erred by dismissing his second amended complaint because the paragraphs were numbered and it was clear which defendants were responsible for each claim.  We disagree.

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A so-called shotgun complaint violates Rule 8 because it "fail[s] . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests" and "waste[s] scarce judicial resources, inexorably broaden[s] the scope of discovery, wreak[s] havoc on appellate court dockets, and undermine[s] the public's respect for the courts."  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal quotation marks omitted).

We have described four characteristics of shotgun complaints.  They (1) "contain[ ] multiple counts where each count adopts all allegations of all preceding counts"; (2) are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) do not separate each cause of action or claim for relief into different counts; and (4) assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Weiland*, 792 F.3d at 1321–23.  The unifying characteristic of

6

shotgun pleadings is that they fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. *Id.* Litigants are entitled to at least one chance to remedy the deficiencies that render a complaint an impermissible shotgun pleading. *Shabanets*, 878 F.3d at 1296.

The district court was within its discretion to conclude that Wells's second amended complaint was an impermissible shotgun pleading. The second amended complaint exhibited three of the characteristics of shotgun pleadings. It failed to separate each cause of action or claim for relief into different counts. It contained conclusory, vague, and immaterial facts not obviously connected to any particular cause of action, and it contained multiple claims against multiple defendants without specifying which of the defendants were responsible for which acts or which of the defendants the claim was brought against. *See Weiland*, 792 F.3d at 1321–23. Further, although the district court afforded Wells the opportunity to remedy the defects in the first amended complaint, *see Shabanets*, 878 F.3d at 1296, the second amended complaint arguably was worse than its predecessor. True, the second amended complaint contained some numbered paragraphs. But the numbers often were not sequential, so they did nothing to cure the deficiencies the district court identified in the first amended complaint.

For these reasons, the district court did not abuse its discretion when it dismissed with prejudice the second amended complaint.  We affirm the district court's judgment.

**AFFIRMED.**