**David Richard MOON,**
**Plaintiff–Appellant,**

v.

**Lanson NEWSOME, Warden, et al.,**
**Defendants–Appellees.**

**No. 88–8049**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 17, 1989.

---

David Richard Moon, Reidsville, Ga., pro se.

William Phillips Tinkler, Jr., Decatur, Ga., Michael E. Hobbs, State Law Dept., Atlanta, Ga., for defendants-appellees.

Before HATCHETT and EDMONDSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

EDMONDSON, Circuit Judge:

In this appeal we consider whether the damage suit of a *pro se* plaintiff proceeding in forma pauperis can be dismissed for failure to pay costs assessed as a penalty for unreasonable refusal to obey a discovery order. We believe such dismissals are permitted. Under the circumstances, the district court did not abuse its discre-

tion by dismissing this action. We affirm the court's judgment.

Plaintiff-appellant David Moon, a prisoner, filed a *pro se* complaint under 42 U.S.C. sec. 1983. Defendant-appellees' motion for leave to depose Moon in prison pursuant to Fed.Rule Civ.Proc. 30(a) was granted. Moon filed an objection urging the court to deny defendants permission to take the deposition. The magistrate then issued an order denying Moon's objection. The order warned that if Moon refused to be deposed costs could be assessed against him or his case could be dismissed.

Moon appeared at the deposition and was sworn but refused to allow the questioning to proceed. He raised unfounded objections, repeatedly interrupting defendants' lawyer. Finally, Moon abruptly left the room without having answered any questions. Defendants moved under Fed.Rule Civ.Proc. 37 for sanctions, including dismissal of the complaint and costs for the attempted deposition.

The magistrate found that Moon's conduct at the deposition was unreasonable and that Moon had willfully thwarted the progress of the deposition. Instead of immediately dismissing the action under Rule 37,[1] however, the magistrate let Moon proceed on the condition that he make defendants whole for the attempted deposition. The magistrate ordered Moon to pay to defendants the full costs of the deposition ($909.72) within ninety days and warned that failure to make timely payment would result in dismissal with prejudice. When Moon paid nothing, the district court dismissed the case.[2]

■■■ Moon's failure to comply with the order directing him to submit to deposition is a failure "to obey an order to provide or permit discovery" under Fed.Rule Civ.Proc. 37(b), for which assessment of reasonable expenses caused by the failure is a proper sanction. Dismissal of an action for failure to comply with court-ordered sanctions is permitted under Fed.Rule Civ.Proc. 41(b). While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion. *See State Exchange Bank v. Hartline,* 693 F.2d 1350, 1352 (11th Cir.1982); *Anthony v. Marion County General Hospital,* 617 F.2d 1164, 1169 n. 8 (5th Cir. 1980).

■■■ Moon was a *pro se* plaintiff proceeding in forma pauperis. All persons, regardless of wealth, are entitled to reasonable access to the courts. Put differently, a nonfrivolous, nonmalicious complaint may not be dismissed or prevented from being filed solely because of the plaintiff's inability to pay court costs. *See generally Procup v. Strickland,* 792 F.2d 1069 (11th Cir. 1986). Reasonable access to the courts is provided to indigent claimants by the in forma pauperis (IFP) statute, 28 U.S.C. sec. 1915 *et seq.,* which allows commencement of suits without payment of fees and court costs by a person who makes an affidavit that he is unable to pay the costs. Still, once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders.

■■■ If a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant. Courts can assess costs and monetary sanctions against IFP litigants. *See Harris v. Forsyth,* 742 F.2d 1277 (11th Cir.1984) ("a court has discretion to award costs against indigents 'as in other cases' "); *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986) (imposition of $1,000 fine on inmate litigant not presumptively objectionable); *Carter v. United States,* 733 F.2d 735, 737 (10th Cir.

---

1. Dismissal of an action is a proper sanction under Rule 37(b). Fed.Rule Civ.Pro. 37(b)(2)(C). Because plaintiff's misbehavior at the deposition was intentional, it would not have been an abuse of discretion for the court to dismiss under Rule 37(b) for failure to comply with the court's discovery order. *See Phil-*

*lips v. Insurance Co. of North America,* 633 F.2d 1165, 1167 (5th Cir. Unit B 1981).

2. Although the order allowed Moon only ninety days to pay the sanction, the district court did not dismiss until nine months later.

1984), *cert. denied,* 469 U.S. 1161, 105 S.Ct. 915, 83 L.Ed.2d 928 (1985) ("We agree that sanctions are an appropriate remedy to prevent abuse of the judicial process. Restrictive conditions, other than total preclusion, which are available include assessment of damages to the prevailing party and imposition of single or double costs."); *Toner v. Wilson,* 102 F.R.D. 275, 276 (M.D.Pa.1984) (award of attorneys' fees for violation of discovery orders permissible despite party's poverty and *pro se* status).

■ Where monetary sanctions are imposed on an IFP litigant and the litigant comes forward showing a true inability to pay, it might be an abuse of discretion for the court then to dismiss for failure to pay. *See Herring v. Whitehall,* 804 F.2d 464, 468 (8th Cir.1986); *Hornbuckle v. Arco Oil & Gas Co.,* 732 F.2d 1233 (5th Cir.1984), *cert. denied,* 475 U.S. 1016, 106 S.Ct. 1198, 89 L.Ed.2d 312 (1986); *Thomas v. Gerber Productions,* 703 F.2d 353 (9th Cir.1983). Moon—after he was ordered to make payment—neither attempted to demonstrate to the court that he was unable to pay the sanction nor asserted any other excuse for noncompliance with a lawful order. He did not come before the court offering to pay in part or over time. He filed nothing detailing unsuccessful efforts to obtain funds with which to pay the sanction. Plaintiff's in forma pauperis status alone does not make obvious his inability to pay any costs whatsoever.[3] The standard of poverty under the IFP statute requires a relatively minimal amount of sacrifice; it does not require an applicant to give up every amenity of life. *See, e.g., Jones v. Zimmerman,* 752 F.2d 76 (3rd Cir.1985). If a plaintiff has incurred sanctions for misconduct, a more stringent standard for allowing him to proceed with his case is appropriate because he has been given access to the courts and has abused that privilege. No one should be permitted to misuse the courts with impunity. *Harris v. Menendez,* 817 F.2d 737, 739 (11th Cir. 1987) (discussing prisoner IFP litigation). If misuse has occurred and monetary sanctions have been imposed, the plaintiff, to continue his law suit, might be required to go into debt or to dispose of assets which the IFP process otherwise would have allowed him to keep.[4] Moon's affidavit in the district court showed that he owned an automobile.

■ In short, Moon made no attempt to comply with the sanction order, nor did he ask the court to devise a way for him to comply partially.[5] Instead, Moon continued to challenge the sanction on the ground that he had acted correctly at the deposition and that the magistrate therefore lacked the authority to impose the sanction. Rule 41(b) authorizes a district court to dismiss an action for failure to obey a court order. *Jones v. Graham,* 709 F.2d 1457, 1458 (11th Cir.1983), citing *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Silas v. Sears, Roe-*

3. After a review of all the documents filed by Moon in the district court, we find only one reference to inability to pay the sanction. In a document entitled, "Motion ... For Relief from the April 3, 1987 Order ... on Grounds of Fraud and Misconduct of the Defending Parties," filed before his action had been dismissed, Moon stated that the magistrate ordered him to pay the costs "knowing full well that I am a pauper and filing in forma pauperis and couldn't pay it even if I wanted to...." As noted in the text, the fact that Moon qualifies for IFP status does not mean that he could afford to pay nothing. Moreover, the thrust of Moon's motion was that the magistrate was "bias[ed]" in imposing the sanctions. Moon did not attempt to show in the motion that he tried (or even considered trying) to comply with the order but truly could not. The motion suggests no inclination on the part of Moon to cooperate with the court at all.

4. For an example of the sacrifice than can legitimately be expected of a plaintiff facing a sanction order, see *Roberts v. Norden Division, United Aircraft Corp.,* 76 F.R.D. 75, 82 (E.D.N.Y. 1977) (court notes that *pro se* plaintiff was "compelled to borrow money and to pawn personal effects" in his efforts to meet his obligation to pay costs imposed by court).

5. In *Anthony v. Marion County General Hospital,* 617 F.2d 1164, 1169 (5th Cir.1980), the old Fifth Circuit noted that when facing a court order with which a litigant believes he is unable to comply, "[e]ven a non-lawyer should realize the need to communicate ... with the court" timely, directly and particularly explaining his inability to do what the court has ordered. The court held that a plaintiff who ignored notices and orders of the court could not be excused merely because of her *pro se* status.

*buck & Co.,* 586 F.2d 382, 385 (5th Cir. 1978). A party's claim that destitution prevented him from complying with the order is not an absolute bar to dismissal. *See Bonaventure v. Butler,* 593 F.2d 625 (5th Cir.1979); *see also Stern v. Inter–Mountain Telephone Co.,* 226 F.2d 409 (6th Cir. 1955) (dismissal for failure to pay costs is justified where court makes clear that payment is a condition for avoiding dismissal).

The record supports what is implicit in the district court's decision to dismiss this case—that Moon had been repeatedly and stubbornly defiant. Moon's conduct and words evidence a refusal to acknowledge the authority of the magistrate and indicate no willingness to comply with court orders. The district court was not required to select a sanction other than dismissal; under other sanctions, defendants would be forced to bear the costs for plaintiff's (as an IFP, his lawsuit was already being subsidized) misconduct. *See Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir.1985). The district court did not abuse its discretion in dismissing the case under these circumstances.

The IFP statute afforded plaintiff reasonable access to the courts. He was warned repeatedly of the consequences of misconduct. His complaint was dismissed not because of his poverty, but because he stubbornly violated the Federal Rules and court orders. We therefore affirm the order of the district court dismissing this case for failure to pay sanctions imposed for violation of the discovery order.

AFFIRMED.