Donald Charles **FLEMING**, and Joyce Lana Fleming, Plaintiffs,

v.

**UNITED STATES**, Defendant.

No. 3:01–170–CIV–J–21–TEM.

United States District Court,
M.D. Florida,
Jacksonville Division.

June 12, 2002.

**456**

Donald Charles Fleming, Jacksonville, FL, pro se.

Joyce Lana Fleming, Jacksonville, FL, pro se.

Bruce T. Russell, U.S. Dept. of Justice, Tax Division, Washington, DC, for USA.

### ORDER

NIMMONS, District Judge.

This cause comes before the Court on Plaintiffs' and Defendant's Responses (Dkts. 12 & 13, resp.) to the Court's February 15, 2002, Order (Dkt.10) directing the Plaintiffs to show cause why sanctions should not be imposed against them under Rule 11, Federal Rules of Civil Procedure.

To be sure, one can easily refer to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and determine that declaratory relief cannot be sought in this Court "with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code." *See* 28 U.S.C. § 2201.[1] Likewise, as Defendant has illustrated, a search of the internet reveals that Plaintiffs' claims would not ultimately succeed. *See* Dkt. 13 at p.7, n. 1 (listing multiple websites warning of the fallaciouness of claims and arguments like those made by Plaintiffs herein). Yet, having reviewed the pleadings, motions, responses, and notices filed herein, it appears that Plaintiffs have misapprehended-or, rather, failed to apprehend-that there is a distinction between civil and criminal proceedings. (This is highlighted, for example, by Plaintiff Donald Fleming's attempt to use the Defendant United States' authority for dismissal herein to argue for dismissal of the criminal charges in *United States v. Donald C. Fleming, Joyce L. Fleming, etc.*, Case No. 3:00cr262–20–J–HTS. (*See* Dkt. 920 therein)).

Additionally, contrary to Defendant's correct citation of the Advistory Committe Notes for Rule 11, *see* Dkt. 13 at 8, n.2, the Eleventh Circuit has determined that the obligation imposed by Rule 11 is not seen as continuing, as long as the complaint was reasonably interposed in the first instance. *See, e.g., Glatter v. Mroz, (In re Mroz)*, 65 F.3d 1567, 1572 (11th Cir.1995). The Rule 11 analysis thus being limited to Plaintiffs' actions and motives at the time of filing, based on the conclusions stated in the preceding paragraph, it cannot be said with sufficient certainty that Rule 11's strictures were exceeded. Accordingly, the Order to show cause will be discharged and no sanctions will be imposed in this case.

However, having said that, the Court will remind Plaintiffs that while one time may be an anomaly, and the second a coincidence, the third time is definitely a trend. This case marks the Plaintiffs' third attempt to make a civil end-run on their criminal case. Any future civil filings by these Plaintiffs directed at or involving their criminal case, the issues implicated therein, or any of the actors (attorneys, agents, officers, staff, etc.) involved therein, will be viewed with circumspection. Plaintiffs are hereby put on ex-

---

1. It is of significance to the Court's conclusion herein that Plaintiffs' Complaint sought declaratory relief but did not cite the Declaratory Judg- ment Act. *See* Dkt. 1. Thus, on the record before it, the Court cannot determine, objectively, that Plaintiffs were aware of the Act.

press notice of Rule 11 of the Federal Rules of Civil Procedure, their obligations thereunder, and the fact that they, as pro se parties, are not exempt from the Federal Rules or the Local Rules of this Court. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989).

Upon consideration of the foregoing, it is hereby **ORDERED** that the Court's Court's February 15, 2002, Order (Dkt.10) directing the Plaintiffs to show cause why sanctions should not be imposed is **DISCHARGED.**