[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11008
Non-Argument Calendar
_____

D.C. Docket No. 6:09-cv-01721-JA-KRS


LORRAINE HIXSON,
WILLIAM HIXSON,

Plaintiffs,
Appellants,


versus


DENNIS FRENCH,
MILITARY MORTGAGE CO.,
DOES 1-5,

Defendants,


CITIMORTGAGE, INC.,
MBS MORTGAGE COMPANY,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

Defendants,
Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 22, 2013)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Lorraine and William Hixson appeal the corrected judgment in favor of Citimortgage, Inc., MBS Mortgage Company, and Mortgage Electronic Registration Systems, Inc., and against the Hixsons' claims that the companies violated the Truth in Lending Act, the Fair Debt Collection Practices Act, and the Florida Consumer Collection Practices Act. The Hixsons, through counsel, argue that the district court erred by proceeding with the trial when the Hixsons were incapable of representing themselves and by entering judgment in favor of the companies. We affirm.

The Hixsons purchased a home in Mount Dora, Florida, that they financed with a loan underwritten by SunTrust Bank. Later, the Hixsons refinanced the loan through MBS Mortgage, and the closing documents provided that Mortgage Electronic Systems held the mortgage as "nominee" for MBS Mortgage. About two weeks after closing, Citimortgage began servicing the loan. Although the Hixsons had agreed to make monthly payments consisting of principal, interest, and a prorated amount of the tax and insurance obligations, the Hixsons made only payments of principal and interest. Based on the Hixsons's deficient payments, Citimortgage foreclosed on the loan.

2

The Hixsons complained that the companies violated federal and state law. The Hixsons requested a rescission of the loan on the ground that Citimortgage, MBS Mortgage, and Mortgage Electronic Registration violated the Truth in Lending Act by failing to provide mandatory disclosures about the payments for tax and insurance.  See 15 U.S.C. § 1635(a).  The Hixsons also alleged that Citimortgage violated the Fair Debt Act and the Florida Consumer Act by attempting to collect a debt using false and misleading statements that the Hixsons had outstanding loan payments, sending harassing correspondence, and threatening to seize their property.  See id. §§ 1692d–1692f; Fla. Stat. § 559.72(9).

The parties consented to a bench trial before the district court.  At the commencement of the trial, the Hixsons requested "to go ahead and go through with [the trial] with this court" despite their unsuccessful efforts to retain an attorney and "the mistakes . . . that [their former counsel] made."  Mr. Hixson identified his claims, explained that he was "not going for a recis[s]ion but going for truth in lending," and described intelligibly in his opening statement the alleged wrongdoing of the mortgage companies.  Mr. Hixson introduced letters from Citimortgage describing how their loan payments were calculated and testimony from Mrs. Hixson that she paid only the principal and interest due on the loan under the belief that no escrow payments were required.  After the Hixsons rested

3

their case, the three companies moved for a judgment in their favor, see Fed. R. Civ. P. 52(c).  During his argument, Mr. Hixson admitted that "[t]he truth in lending statement laid out exactly what terms would be on [the] mortgage," and the district court entered judgment against the Hixsons' claim involving the Truth in Lending Act.  The district court also ruled that the Hixsons failed to prove that Citimortgage violated the Fair Debt Act.  The district court reserved judgment on the Hixsons' claim under the Florida Consumer Act, but after Citimortgage introduced testimony from its employee Jennifer Sherman that the Hixsons had failed to make monthly payments in compliance with the terms of the loan, the district court entered judgment against the Hixsons' remaining claim.

The district court did not err by entering judgment in favor of the mortgage companies.  Mr. Hixson admitted that the mortgage companies complied with their obligation under the Truth In Lending Act to "deliver[] . . . [to the Hixsons] a statement containing [] material disclosures" about their loan.  15 U.S.C. § 1635(a).  And the Hixsons failed to prove that the Fair Debt Act applied to Citimortgage.  To be subject to the Act, an entity must be a "debt collector" that collects the "debts . . . due another," id. § 1692a(6), but Citimortgage sought to collect debt it was owed.  The Hixsons also failed to prove that Citimortgage violated state law.  The Florida Consumer Act prohibits an entity from

4

"[c]laim[ing], attempt[ing], or threat[ing] to enforce a debt . . .[with] know[ledge] that the debt is not legitimate," Fla. Stat. § 559.72(9), but the Hixsons indisputably failed to satisfy their outstanding debt to Citimortgage.

The Hixsons argue, for the first time, that the district court committed three errors during trial, but these arguments fail.  First, the Hixsons argue that the district court sua sponte should have continued the trial because they were "unclear and uncertain of the issues," lacked the assistance of counsel, were attempting to retain counsel, were stymied by former counsel's errors, and were mentally and physically impaired.  But the Hixsons fail to provide any legal authority to support these arguments.  See Fed. R. App. P. 28(a)(9).  Second, the Hixsons contend that the district court should have sua sponte continued the trial because they were unfamiliar with and unable to comply with the Federal Rules of Civil Procedure and the Federal Rules of Evidence, but the district court had no duty "to serve as de facto counsel" for the Hixsons, GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).  The Hixsons decided to proceed pro se and were required to apprise themselves of "the relevant law and rules of court."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  Third, the Hixsons contend that the district court erroneously allowed defense counsel to ask his witness leading questions, but the Hixsons fail to identify what testimony counsel elicited

5

improperly or to explain how that testimony resulted in a miscarriage of justice. See Sierra Club, Inc. v. Leavitt, 488 F.3d 904, 912 (11th Cir. 2007).

We **AFFIRM** the judgment in favor of CitiMortgage.