[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10480
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cv-00374-EAK-EAJ


MANUEL RODRIGUEZ,

Plaintiff-Appellant,

versus

SCHOOL BOARD OF POLK COUNTY, FLORIDA,
SHARON ARNOLD,
Training & Safety Specialist, PCSB Support Services,
LUM THORNHILL, Ms. Sharon Arnold's Supervisor,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 2, 2015)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Manuel Rodriguez appeals *pro se* the dismissal with prejudice of his third amended complaint against the School Board of Polk County, Florida, and its employees, Sharon Arnold and Lum Thornhill (collectively "the Board"). The district court dismissed Rodriguez's complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). We affirm.

The district court did not abuse its discretion when it dismissed Rodriguez's third amended complaint. Rodriguez's complaint is neither short nor plain. *See* Fed. R. Civ. P. 8(a)(2). The complaint is a typical shotgun-style pleading that consists of 93 paragraphs, some of which are repetitive, unintelligible, and replete with legal conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). Rodriguez's two-count complaint also failed to provide the School Board fair notice of its alleged wrongdoing. *See id.* at 555, 127 S. Ct. at 1964. In Count 1, Rodriguez alleged vaguely that the School Board engaged in "Discriminatory Practices" in violation of "42 U.S.C. . . . § 2000e-2 [Section 703] and seq." because it "forg[o]t[] the laws related with the Civil Right of the Individuals in the employee and in the training . . . [and] made the Wrong Decision." And in Count 2, Rodriguez alleged that the School Board committed "other unlawful Employment Practices" in violation of "42 U.S.C. . . . 2000e-3 [Section 704] seq." because "he . . . made contradictory charges against Plaintiff." The district court told Rodriguez how to comply with the Rules of Civil Procedure;

2

urged him to consult with an attorney; and warned him that his failure to comply would result in the dismissal of his complaint. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). The district court did not abuse its discretion by dismissing Rodriguez's third amended complaint when he failed repeatedly to amend his complaint in compliance with the rules of procedure. *See McNeil v. United States,* 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993).

We **AFFIRM** the dismissal of Rodriguez's complaint.