IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 

DERALD EUGENE BRYANT, ) 
 ) 
Plaintiff, ) 
 ) 
v. ) CIVIL ACTION NO. 2:20-CV-562-JTA 
 ) [WO] 
WARDEN HENLINE, ) 
 ) 
Defendant. ) 

 MEMORANDUM OPINION1 

Plaintiff, a prison inmate, filed this complaint on August 4, 2020. On August 17, 
2020, the court directed Defendant to file an answer and written report addressing 
Plaintiff's claims for relief. In compliance with the court’s order, Defendant submitted an 
answer and written report which contained relevant evidentiary materials refuting the 
allegations in the complaint. Doc. 13. Upon review of this report, the court issued an order 
directing Plaintiff to file a response to Defendant’s answer and written report. Doc. 16. 
The order advised Plaintiff that his failure to respond to the report would be treated by the 
court “as an abandonment of the claims set forth in the complaint and as a failure to 
prosecute this action.” Id. at 1. The order “specifically cautioned [Plaintiff] that [his 
failure] to file a response in compliance with the directives of this order” would result in 
the dismissal of this civil action. Id. 

1 The parties in this case have consented to the exercise of jurisdiction by the Magistrate Judge under 28 U.S.C. § 
636(c) for all proceedings. Specifically, the parties executed a written consent form which reads, in relevant part, that 
in accordance with the provisions of § 636(c) and Federal Rule of Civil Procedure 73, the parties in this case “consent 
to have a United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of a final 
judgment, and post-judgment proceedings.” Doc. 12. 
The time allotted Plaintiff for filing a response in compliance with the directives of 
the court’s December 3, 2020, order, expired on December 24, 2020. As of the present 

date, Plaintiff has failed to file a response in opposition to Defendant’s written report. The 
court, therefore, concludes this case should be dismissed. 
The court has reviewed the file to determine whether a drastic measure less than 
dismissal is appropriate. After such review, dismissal is the proper course of action. 
Plaintiff is an indigent individual. The imposition of monetary or other punitive sanctions 
against him would be ineffectual. Plaintiff’s inaction in the face of Defendant’s report and 

evidentiary materials refuting the claims raised suggests he does not seek to proceed with 
this case. It, therefore, appears that any additional effort by this court to secure his 
compliance would be unavailing. Consequently, the court concludes that Plaintiff’s 
abandonment of his claims, his failure to comply with the orders of this court, and his 
failure to properly prosecute this cause of action warrant dismissal of this case. Moon v. 

Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (holding that as a general rule, where a 
litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of 
discretion.); see also Tanner v. Neal, 232 F. App’x. 924 (11th Cir. 2007) (affirming sua 
sponte dismissal without prejudice of inmate’s § 1983 action for failure to file an 
amendment to complaint in compliance with court’s prior order directing amendment and 

warning of consequences for failure to comply). 
For the foregoing reasons, the undersigned concludes this case shall be dismissed 
without prejudice. 
A Final Judgment will be entered separately. 
DONE this 19th day of January, 2021. 

 /s/ Jerusha T. Adams 
 JERUSHA T. ADAMS 
 UNITED STATES MAGISTRATE JUDGE