[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-11414

Non-Argument Calendar

_____

W. A. GRIFFIN, MD,

Plaintiff-Appellant,

*versus*

BLUE CROSS BLUE SHIELD HEALTHCARE PLAN OF
GEORGIA, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-01341-SEG

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

W.A. Griffin, M.D., proceeding *pro se*, appeals an order of the district court dismissing her claim under the Employee Retirement Income Security Act ("ERISA") against Blue Cross Blue Shield Healthcare Plan of Georgia ("BCBSHP"). The court dismissed her claim pursuant to Federal Rule of Civil Procedure 12(b)(6), based on its finding that she lacked statutory authority to bring penalty claims under ERISA. On appeal, Griffin argues that her patients assigned her the right to bring statutory penalty claims on their behalf, and that ERISA does not preempt O.C.G.A. § 33-24-54, which allegedly validates the assignments upon which she relies.

We review *de novo* a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). *Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002). "To survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011) (quotation marks omitted). The 12(b)(6) plausibility standard requires "pleading factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) (quotation marks omitted). However, the plausibility standard requires "more

than a sheer possibility that a defendant has acted unlawfully." *Id.* (quotation marks omitted). In considering a complaint under this standard, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Id.*

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a *pro se* litigant is nonetheless "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Section 502(c)(1)(B) of ERISA states that any administrator of an ERISA-governed healthcare plan

> who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c)(1)(B). "[T]o maintain an action under ERISA, a plaintiff must have standing to sue under the statute." *Griffin v. Coca-Cola Refreshments USA, Inc.*, 989 F.3d 923, 931 (11th Cir. 2021).

However, in this context, standing "is not jurisdictional, Article III standing, but rather the right to make a claim under the statute." *Id.* at 931 n.4.

To have standing to assert an ERISA claim, a plaintiff must be either a "participant or beneficiary" of an ERISA healthcare plan. 29 U.S.C. § 1132(a)(1). While healthcare providers are generally not "participants" or "beneficiaries" under ERISA, we have stated that a healthcare provider "may obtain derivative standing for payment of medical benefits through a written assignment from a plan participant or beneficiary." *Coca-Cola*, 989 F.3d at 932. However, we have previously ruled that a written assignment of the right to recover benefits provided by an ERISA plan does not necessarily transfer the right to pursue non-payment claims, including statutory penalties. *Id.*). Thus, to assess whether one has transferred the right to assert claims for statutory penalties under ERISA, we must "first determine the scope of the patients' assignments to [the healthcare provider]—whether they purport to give her the right to bring both payment and non-payment (breach of fiduciary duties and statutory penalties) claims." *Id.*

When previously considering a similar argument (raised by the same appellant), we ruled that, in the absence of more specific language, a patient does not transfer of the right to assert ERISA claims for statutory penalties when she executes a written assignment stating "[t]his is a direct legal assignment of my rights and benefits under the policy." *Id.* at 932-33.

Here, the district court did not err in finding that Griffin lacked statutory standing to bring statutory penalty claims under ERISA on behalf of her patients. The assignment in the instant case used the same language—i.e. assigning "my rights and benefits"—as did the assignment in the *Coca-Cola* case. The court properly relied upon our prior decisions in finding that the assignments upon which Griffin relied did not include sufficiently explicit language to transfer the right to bring non-payment, statutory penalty suits under ERISA.[1] Accordingly, we affirm.[2]

**AFFIRMED.**

---

[1] The district court's decision concerned only the scope of the assignments upon which Griffin relied, rather than their underlying validity or enforceability. Thus, we do not address Griffin's arguments on appeal related to ERISA preemption and O.C.G.A. § 33-24-54, as they are irrelevant to the basis for the district court's order. Because we agree with the district court that Griffin lacks statutory standing to bring her claims for statutory penalties, we need not address BCBSHP's argument that her claims are barred by the statute of limitations.

[2] We note that Griffin's brief on appeal does not challenge the district court's dispositive ruling; she makes no argument with respect to the specific language of the assignment and whether the language is broad enough to assign claims for statutory penalties. Because this case is controlled in any event by our *Coca-Cola* case, we need not address the issue of whether Griffin should be deemed to have forfeited this dispositive issue.