[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13805

Non-Argument Calendar

_____

JERMAINE ALFONSO HARMON,

Plaintiff-Appellant,

*versus*

FAYETTE COUNTY SHERRIF OFFICE, et al.,

Defendants,

DEPUTY CHIEF ANTHONY W. RHODES,
Individual Capacity and Official Capacity,
MAJOR CODY BENSLAY,
Individual Capacity and Official Capacity,
CAPTAIN ERIC HENKEL,
Individual Capacity and Official Capacity,

JOSHUA WHITMAN,
Sergeant (former) Individual Capacity and Official Capacity,
SERGEANT BRADLEY SHELTON,
Individual Capacity and Official Capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 3:23-cv-00023-TCB

_____

Before WILSON, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Jermaine Harmon, a pro se Georgia prisoner, appeals the district court's sua sponte dismissal of his civil rights complaint against employees of the Fayette County Jail. He argues that the district court abused its discretion and disregarded the Federal Rules of Civil Procedure by dismissing the complaint without reaching the merits. After careful review, we affirm.

**I.**

In February 2023, Harmon filed a complaint against the Fayette County Sheriff's Department, the Fayette County Jail, and several of the jail's employees in their individual and official

capacities.[1]   Harmon's twenty-eight-page complaint related to his experiences in the Fayette County Jail, where in February of 2021 he started expressing concerns with the use of infrared thermometers.   Harmon alleges that his request to have his temperature taken with his wrist rather than his head led the jail to house him in a separate part of the facility.   Additional allegations include removing his bedroll to aggravate underlying health conditions, removing Harmon from his jail cell, feeding Harmon nutraloaf for extended periods, and preventing Harmon from receiving dental care or accessing legal papers until he complied with temperature check policies.

A magistrate judge ordered Harmon to amend his complaint, providing several specific instructions, including directions to "add no more than ten pages to the form" and "clearly identify the action or omission of the defendant(s) that shows the defendant(s)' responsibility for the alleged injury or deprivation."   Harmon submitted an amended complaint, omitting the jail and sheriff's office as defendants but adding two additional employees as defendants.   Harmon still did not allege facts connecting a named defendant to each alleged violation and improperly joined unrelated claims.   Harmon also continued to include more than ten

---

[1] Harmon listed the following individual employees in his initial complaint: Fayette County Jail Deputy Chief Anthony Rhodes, Major Cody Benslay, Captain Eric Henkel, former Sergeant Joshua Whitman, Sergeant Bradley Shelton, Lieutenant P. McElwaney, Detention Officer Kiara Bell, Sheriff Barry Babb, Officer Arnold, and Officer Richardson. Harmon's amended complaint added Officer Huddleton, and Officer Burgess as defendants.

pages with the form complaint.  Because his amended complaint did not comply with the court's previous instructions, the magistrate judge ordered Harmon to amend the complaint for a second time, with the same instructions, and a stipulation that he must select claims related to the same transaction or occurrence.

Instead of re-amending his complaint, Harmon wrote a letter to the court.  The magistrate judge construed the letter as a motion for an extension of time to amend and granted the motion.  In response, Harmon filed a rebuttal arguing that a liberal construction of his complaint met the notice-pleading standards.  Finding Harmon failed to meet the requirement of alleging facts connecting named defendants to each deprivation and made several conclusory claims, the magistrate judge gave Harmon "a final opportunity to file a properly amended complaint."

Harmon objected and repeated his assertions: the order violated his right to access the courts; there was no need to restrict him to ten pages; his complaints arose from the same series of occurrences; and his complaint should be more liberally construed.  The district court responded that it has inherent power to manage its docket and noted that Harmon's complaints included several claims arising from various officers' unrelated actions.  Finding that the magistrate judge acted appropriately, the district court overruled Harmon's objections and ordered him to file an amended complaint.  Harmon again objected, which the district court construed as a motion for reconsideration.  For the fifth time, the district court directed Harmon to file an amended complaint.  This

order explained that the district court had authority to dismiss actions when plaintiffs do not comply with a lawful order. This order explicitly stated that Harmon was "on notice that his failure to comply with the Court's order could result in the dismissal of this action."

Rather than amend his complaint, Harmon once again objected to the order on the same grounds. The district court once again construed Harmon's objection as a motion for reconsideration, which it denied as successive. The court dismissed the case without prejudice under Northern District of Georgia Local Rule 41.3(A)(2) because the court had ordered Harmon to amend his complaint five times, which he refused to do. Harmon timely appealed.

## II.

We review a district court's decision to dismiss a case for failure to comply with a court order for abuse of discretion. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). A district court may dismiss a complaint under its inherent power to control its own docket. *Id*. Dismissal is generally not an abuse of discretion in response to a disregarded order when the litigant has been warned. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Pro se pleadings are held to a less stringent standard than counseled pleadings and are construed liberally. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). "Despite construction leniency afforded *pro se* litigants, we nevertheless have

required them to conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (per curiam); *see also Moon*, 863 F.2d at 837.

A complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff generally may bring multiple claims against a single party but may join multiple defendants only if the right asserted against them arises from "the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Here, the district court did not abuse its discretion in dismissing Harmon's complaint. Even as a pro se litigant, Harmon was obligated to follow the court's rules and orders. *See Moon*, 863 F.2d at 837. Both his initial and first amended complaint violated the federal rules by alleging a variety of often unrelated claims against different officers. *See* Fed. R. Civ. P. 20(a). He also failed to comply with the magistrate judge's direction to add no more than ten pages to the form complaint. Even under the liberal construction Harmon is entitled to receive, his first amended complaint was improper. *See Loren*, 309 F.3d at 1304.

Rather than re-amend the complaint as ordered, Harmon wrote several letters disagreeing with the magistrate judge and the district court. Each time, the magistrate judge and district court construed these letters as various motions, and their orders reiterated instructions to help Harmon file his complaint in accordance

23-13805               Opinion of the Court                 7

with procedural rules.  The district court gave Harmon clear guidance and granted reasonable extensions to its deadlines.  *See Moon*, 863 F.3d at 837.  Further, the district court explained that it had authority to dismiss actions for failure to comply with a lawful order and put Harmon on notice that failure to comply with its orders "could result in dismissal of the action."  No instructions led Harmon to file a complaint that adhered to the parameters proposed by the district court.  Ultimately, the district court did not abuse its discretion by dismissing Harmon's case without prejudice.

**AFFIRMED.**