**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-12390

Non-Argument Calendar

————————————

JIBRAIL MALIK MUHAMMAD, SR.,

    a.k.a. Julius J. Martin, Jr.,

*Plaintiff-Appellant,*

*versus*

OFFICE OF CHILD SUPPORT SERVICES U.S.
DEPARTMENT OF HEALTH HUMAN SERVICES, et al.,

*Defendants,*

DOLGENCORP, LLC,

    a.k.a. Dollar General Corporation,

*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 2:23-cv-00281-TFM-B

————————————

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Jibrail Malik Muhammad, Sr., proceeding pro se, appeals the district court's order dismissing his third amended complaint with prejudice as a shotgun pleading and denying his motion for reconsideration under Fed. R. Civ. P. 59(e) and 60(b).  He argues that his third amended complaint complied with the federal pleading standards, that dismissal with prejudice was a disproportionate sanction, and that the district court abused its discretion in denying his motion for reconsideration.[1]  After careful review, we affirm.

We review a district court's dismissal of a complaint as a shotgun pleading for an abuse of discretion.  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018).  We also review the denial of a motion for post-judgment relief under both Rule 59(e) and Rule 60(b) for an abuse of discretion.  *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719 (11th Cir. 2020) (Rule 59(e)); *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000) (Rule 60(b)).

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."  *Procup*

---

[1] In his reply brief, Muhammad also requests sanctions against Dolgencorp, LLC's counsel.  We decline to consider Muhammad's request because he has not made it through a separately filed motion.  *See* Fed. R. App. P. 27(a)(1) ("An application for an order or other relief is made by motion unless these rules prescribe another form.").

24-12390                Opinion of the Court                3

*v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986).  Courts may do this, for example, by imposing page limitations on parties who bring frequent or repetitious claims,[2] *see id.*, or by dismissing a complaint on shotgun-pleading grounds, *Vibe Micro*, 878 F.3d at 1295.  A shotgun pleading is one that "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

We have identified four categories of shotgun pleadings: (1) those "containing multiple counts where each count adopts the allegations of all preceding counts"; (2) those "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) those that fail to "separate[] into a different count each cause of action or claim for relief"; and (4) those that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Id.* at 1321–23.

The second category includes pleadings that are "so disorganized and ambiguous that it is almost impossible to discern

---

[2] This forecloses Muhammad's argument that the magistrate judge erred in imposing a 35-page limit on his third amendment.  Given that Muhammad had already filed two complaints that were hundreds of pages apiece, it was not outside the magistrate judge's authority to impose a page limit as a means of "prevent[ing a] single litigant[] from unnecessarily encroaching on the judicial machinery needed by others."  *Procup*, 792 F.2d at 1074.

precisely what it is that the[] [plaintiff is] claiming," *Cramer v. Florida*, 117 F.3d 1258, 1261 (11th Cir. 1997), or that are filled with "vague and cursory allegations," *Tamiami Partners v. Miccosukee Tribe of Indians of Fla.*, 63 F.3d 1030, 1046 n.51 (11th Cir. 1995). The third category includes pleadings that "present more than one discrete claim for relief" in some counts. *Bickerstaff Clay Prods. Co. v. Harris Cnty.*, 89 F.3d 1481, 1484 n.4 (11th Cir. 1996).

Before dismissing a complaint with prejudice as a shotgun pleading, a district court must explain why the pleading is defective and give the plaintiff at least one chance to replead. *See Vibe Micro*, 878 F.3d at 1296. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

"A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017). Nonetheless, "we cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

Federal Rule of Civil Procedure 59(e) provides that a defendant may move to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation modified). Rule 60(b) permits

a court to "relieve a party . . . from a final judgment, order, or proceeding" based on newly discovered evidence, fraud, or other circumstances. Fed. R. Civ. P. 60(b). Neither a Rule 59(e) motion nor a Rule 60(b) motion may be "used to relitigate old matters, raise argument[s] or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (citation modified) (Rule 59(e)); *Terrell v. Sec'y, Dep't of Veterans Affs.*, 98 F.4th 1343, 1357 (11th Cir. 2024) (citation modified) (Rule 60(b)).

We hold that the district court did not abuse its discretion in dismissing Muhammad's complaint as a shotgun pleading. In at least some portions of his complaint, Muhammad failed to separate multiple causes of actions into separate counts—a "category three" violation. For example, Counts 10 and 11 each alleged two distinct theories of liability: (1) multiple instances of disparate treatment based on his religion and national origin (*e.g.*, discriminatory failure to hire, lower wages relative to similarly situated employees); and (2) a hostile work environment based on "harassment" from an assistant store manager who played music over a cell phone. Muhammad grouped these theories even after the magistrate judge explicitly instructed him to "identify each of his causes of actions based on separate transactions or occurrences in a separate count of the complaint."

Muhammad also committed several "category two" violations by making vague and cursory allegations seemingly unconnected to the counts they were intended to support. For example, Muhammad generally alleged in Count 3 that Dollar General

violated the Double Jeopardy Clause by garnishing his wages to pay child support. However, in the same space he also made vague references to filings and decisions in other cases with little to no context or explanation on how they supported his claim. *See* Third Am. Compl. ¶ 42–43 ("Approximately 5 November 2013, the plaintiff Jibrail Malik Muhammad Sr., filed a brief objecting to a DISTRICT JUDGE'S decision during a contempt proceeding. The plaintiff appealed the District Judge's Decision . . . . Deprivation of the result of the appeal exists.").

Count 7 is similar. There, Muhammad opened by alleging an ADA violation based on Dollar General's failure to accommodate his disabilities, including heart issues, neuropathy, and light sensitivity. But he then proceeded to assert that he was "psychologically threatened" by an assistant store manager playing music on a speaker, which created a "severe and pervasive hostile work environment [that] made working conditions so intolerable that a reasonable person in the aforementioned position would have felt compelled to resign." *Id.* ¶¶ 89–97. Later in Count 10, he stated once more that this music playing constituted "physical conduct [that] was so extreme that it materially altered the terms or conditions of employment." *Id.* ¶ 171.

Finally, Count 16. There, Muhammad suggested that Dollar General—a private company—deprived him of "liberty without due process of the law" by telling an Alabama agency that he had filed a fraudulent unemployment claim. *Id.* ¶¶ 275, 278.

24-12390                Opinion of the Court                7

Presented with the vague and muddled allegations in Counts 3, 7, 10, and 16, the district court did not abuse its discretion in deeming this amended complaint a shotgun pleading.

Nor did the district court err in dismissing Muhammad's case with prejudice. Muhammad filed this complaint after the magistrate judge had struck two of his previous complaints as shotgun pleadings. The magistrate judge had explained the deficiencies of these complaints in detail and given Muhammad two additional chances before warning him that there would be no further opportunities to amend. Muhammad's continued failure to comply with these instructions justify the district court's decision to dismiss with prejudice.

Finally, the district court did not abuse its discretion in denying Muhammad's motion for reconsideration. Rather than rely on newly discovered evidence or identify a manifest error of law or fact, Muhammad's motion repeated many of his previous arguments about the adequacy of his complaint.

For the foregoing reasons, we hold the district court did not abuse its discretion in disposing of Muhammad's Third Amended Complaint.[3]

---

[3] We also deny Muhammad's pending "Emergency Motion for Injunctive Relief, Return of Firearms, and Remand to Address Constitutional Violations" because it raises matters that fall beyond the scope of this appeal under Fed. R. App. P. 3(c)(1)(B), (c)(4) and relies on claims that have not yet been adjudicated in district court.

8                              Opinion of the Court                        24-12390

**AFFIRMED.**