**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-13071
Non-Argument Calendar

————————————————

ANNA SOLOMON,

*Plaintiff-Appellant,*

*versus*

MAYOR OF CITY OF LAUDERHILL, et al.,

Defendants,

CITY OF LAUDERHILL,

*Defendant-Appellee.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:23-cv-62314-RS

————————————————

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

2                    Opinion of the Court                    25-13071

Anna Solomon, proceeding pro se, appeals from the district court's dismissal of her second amended complaint with prejudice. On appeal, she argues that the district court erred in dismissing her complaint as a shotgun pleading.

We review for abuse of discretion a dismissal on Federal Rule of Civil Procedure 8 shotgun pleading grounds. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018).

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Rule 8 requires that the complaint set forth "a short, plain statement of the claim" that explains why the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted and alterations adopted). Additionally, Rule 10 provides that these claims must be stated in numbered paragraphs that are each limited to a single set of circumstances, to the degree practicable. Fed. R. Civ. P. 10(b). Failure to follow these rules results in a shotgun pleading that "waste[s] scarce judicial resources, inexorably broaden[s] the scope of discovery, wreak[s] havoc on appellate court dockets, and undermine[s] the public's respect for the courts." *Vibe Micro*, 878 F.3d at 1295 (quotation marks omitted and alterations adopted). Our Circuit has little tolerance for shotgun pleadings. *Id.*

There are four main types of shotgun complaints: (1) a complaint where each count realleges previous allegations so that "the last count [is] a combination of the entire complaint" and includes large amounts of irrelevant information; (2) a complaint which is "replete with conclusory, vague, and immaterial facts"; (3) a complaint which fails to separate each claim for relief into a different count; and (4) a complaint that alleges multiple claims against multiple defendants in each count, without identifying which defendants are responsible for which claims. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). The "unifying characteristic" of shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

A district court has inherent authority to dismiss a complaint on shotgun pleading grounds. *Vibe Micro*, 878 F.3d at 1295. When a plaintiff files a shotgun pleading, a district court must "give h[er] one chance to replead." *Id.* at 1296. So that the plaintiff can correct the deficiencies, the court "should explain how the offending pleading violates the shotgun pleading rule." *Id.* If the new complaint is also a shotgun pleading, the district court may then dismiss the action with prejudice. *Id.*; *see Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that although dismissal with prejudice is a drastic remedy, "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

We construe a pro se litigant's pleadings liberally. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). However, that "leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168-69 (quotation marks omitted).

Here, the district court did not abuse its discretion in dismissing Solomon's second amended complaint as an impermissible shotgun pleading. The second amended complaint was a shotgun pleading because it was replete with conclusory allegations not obviously connected to any particular cause of action, making it difficult to determine the facts supporting Solomon's claims. *See Weiland*, 792 F.3d at 1322. In addition, it failed to separate each cause of action or claim for relief into separate counts, violating Rule 10(b). *See id. at 1323*; Fed. R. Civ. P. 10(b). For example, each count alleged three distinct discrimination theories of liability: race, sex, and national origin. On top of that, Solomon incorporated by reference the allegations from each count of discrimination and retaliation based on sex into her claims of discrimination based on national origin and race. *Weiland*, 792 F.3d at 1321; Fed. R. Civ. P. 8(a)(2). And her repetitious incorporations undermined both the defendant's and the court's abilities to understand the claims asserted. *See* Fed. R. Civ. P. 8(a)(2). Considered as a whole, the second amended complaint does not provide the City with knowledge of the claims against them or the basis for those claims. *See Weiland*, 792 F.3d at 1323.

Nor did the district court err in dismissing Solomon's case with prejudice. Solomon filed her second amended complaint after the district court had struck two of her previous complaints as shotgun pleadings. The district court explained the deficiencies of these complaints in detail and allowed Solomon two additional chances, despite warning her both times that failure to file an amended complaint curing such deficiencies and complying with its order would result in dismissal of the case. *See Vibe Micro*, 878 F.3d at 1296. Solomon's continued failure to comply with these instructions justified the district court's decision to dismiss with prejudice. *Vibe Micro*, 878 F.3d at 1295; *Moon*, 863 F.2d at 837.

To the extent Solomon argues the district failed to construe her complaint in the light most favorable to her, her argument fails. The district court properly recognized its requirement to view the complaint in the light most favorable to Solomon. The court also emphasized in its dismissal order the liberal pleading standards afforded to pro se litigants. Thus, contrary to Solomon's argument on appeal, the district court liberally construed her second amended complaint and viewed the factual allegations in the light most favorable to her.

In sum, the district court did not abuse its discretion in dismissing Solomon's second amended complaint as an impermissible shotgun pleading with prejudice. *See Vibe Micro*, 878 F.3d at 1294-96. Accordingly, the judgment of the district court is

**AFFIRMED.**