[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12627

Non-Argument Calendar

_____

TINA GEE,

                                                                Plaintiff-Appellant,

*versus*

JADA MITCHELL,
JONES,
Captain,
SPENCER,
Lt,
CHRISTIAN,
STANTON,
Officers, et al.,

Defendants-Appellees,

THE CITY OF TUSCALOOSA, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:23-cv-00388-LSC

_____

Before NEWSOM, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

This appeal concerns the district court's discretion to dismiss a shotgun pleading. After the district court dismissed Tina Gee's initial complaint, warning her it was an impermissible shotgun pleading, Gee filed an amended complaint with similar deficiencies. The district court dismissed her case with prejudice and, after careful review, we affirm.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Gee filed her initial complaint against the City of Tuscaloosa, the City of Tuscaloosa Police Department, the Tuscaloosa County Sheriff's Department, and ten law enforcement officers in

23-12627               Opinion of the Court                    3

their individual capacities.  Its 16 pages and 104 paragraphs brought 10 causes of action, primarily alleging that on May 5, 2021, the defendants violated Gee's Fourth and Fourteenth Amendment rights by executing illegal search warrants at her residence, resulting in the seizure of $14,850.00 and her unlawful arrest.  The complaint was replete with vague and conclusory statements, and it failed to specify which factual allegations pertained to which count.  As a result, the defendants moved for a more definite statement under Federal Rule of Civil Procedure 12(e).

The district court granted the motion because it found that Gee's complaint was an impermissible shotgun pleading, and it ordered Gee to file an amended complaint "resolving [its] deficiencies."  Specifically, the district court explained that Gee's complaint "fail[ed] to specify which factual allegations pertain[ed] to which count, d[id] not explain which defendants [were] liable for which counts, and [was] composed entirely of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  The district court also noted that it "fail[ed] to allege any facts indicating that the relevant warrants were fraudulent.  Instead, [her] complaint only contain[ed] conclusory allegations."  The district court warned Gee that if she "file[d] an amended complaint that d[id] not resolve both these shotgun-pleading related issues and contain specific factual allegations indicating the invalidity of the [d]efendants' search warrant, her claim [would] be dismissed . . . without further notice."

Gee filed an amended complaint spanning 117 pages and 596 paragraphs, alleging 43 causes of action. She named thirteen individual law enforcement officers and the Tuscaloosa County Sheriff's Department as defendants. Her facts section, consisting of 34 paragraphs, was incorporated by reference repeatedly as to several different counts, without explanation of their particular relevance. Gee alleged a slew of state and federal violations stemming from the execution of unlawful search warrants, including false imprisonment, unlawful arrest, trespass, malicious prosecution, and unlawful seizure. Like the initial complaint, Gee's amended complaint was replete with conclusory statements, and the same identical assertions were repeated, with only the name of the defendant changing. The district court dismissed Gee's amended complaint with prejudice because it was "still a shotgun pleading, and it still lack[ed] the specific factual allegations necessary for her to state her claims." Gee appeals the dismissal.

## STANDARD OF REVIEW

We review a district court's dismissal of a complaint as a shotgun pleading for abuse of discretion. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015); *see also Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) ("We review for abuse of discretion a district court's dismissal for failure to comply with the rules of court.").

## DISCUSSION

The district court did not abuse its discretion in dismissing Gee's amended complaint because it was an impermissible shotgun pleading and lacked specific factual allegations. "A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). "We have identified four rough types or categories of shotgun pleadings" that fail to satisfy these pleading standards. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). One of those categories is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322.

It is not the district court's job to parse out incomprehensible allegations in shotgun pleadings. *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020). If a plaintiff is given fair notice of her complaint's defects "and a meaningful chance to fix them," and she fails to do so, "the district court does not abuse its discretion in dismissing the case with prejudice on shotgun pleading grounds." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018); *see also In re Fundamental Long Term Care, Inc.*, 873 F.3d 1325, 1347–48 (11th Cir. 2017) (affirming dismissal with prejudice where an amended complaint did not "clarify[] the content of the initial pleading," "remedy[] its deficiencies," or provide any additional clarity or precision). And "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally

is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). This applies equally to pro se litigants, who are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Id.*

Here, Gee's repetitive amended complaint failed to include specific factual allegations or fix the shotgun-pleading issues the district court identified in her original complaint. The district court explicitly warned Gee about the consequences of not remedying those issues. Gee failed to heed that warning: Her 117-page-long amended complaint was replete with conclusory, vague, and immaterial claims and facts not associated with any specific cause of action; she failed to make specific factual allegations about the invalidity of the search warrants; and she incorporated bulk and unexplained references to facts that heavily overlapped with other claims. The district court did not abuse its discretion in dismissing her amended complaint with prejudice. *Jackson*, 898 F.3d at 1358; *Moon*, 863 F.2d at 837.

**AFFIRMED**.