**NOT FOR PUBLICATION**

## In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-12985
Non-Argument Calendar
_____

TERMICA SHONTEL HARRIS,

*Plaintiff-Appellant,*

*versus*

CHARLIE NORWOOD DEPARTMENT OF
VETERAN AFFAIRS MEDICAL CENTER,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:24-cv-00200-JRH-BKE
_____

Before ROSENBAUM, GRANT, and KIDD, Circuit Judges.

PER CURIAM:

In November 2024, Termica Harris, proceeding pro se, filed suit against the Charlie Norwood Department of Veteran Affairs

2                    Opinion of the Court                    25-12985

Medical Center, asserting claims stemming from alleged medical malpractice on the part of the hospital while providing emergency medical services to her father. The district court ultimately denied Harris's requests for default judgment and dismissed the complaint without prejudice, finding that Harris failed to timely effectuate service to the necessary parties or show good cause for her failure to do so. Harris soon thereafter moved to reopen her case, which the district court construed as a request for reconsideration under Federal Rule of Civil Procedure 60(b) and denied. Harris now appeals and broadly asserts that the district court improperly dismissed her case.

While we hold the filings of pro se litigants to a "less stringent" standard than those drafted by lawyers, we may not act as a party's de facto counsel or "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation modified); *see Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that pro se litigants are still "subject to the relevant law and rules of court"). And, an appellant abandons any argument not briefed on appeal, made in passing, or raised briefly without supporting arguments or authority. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

In her initial and only brief on appeal, Harris simply presents a recitation of her original claims asserted below. She states that:

(1) her father's death was due to an error of the hospital's emergency room physician; (2) the hospital "profoundly failed to investigate" the circumstances surrounding her father's death; (3) she suffered severe pain and suffering from the hospital's negligence; (4) the hospital is vicariously liable for its physician's negligent treatment of her father; and (5) the hospital concealed evidence to delay her from filing suit.

Even under the most liberal construction, Harris fails to challenge directly the district court's core reason for dismissing her case—failure to timely serve the proper parties. While she mentions the "service- process error" in her "statement of oral argument" and indicates in her "statement of issues" that her appendix "will show and conclude that [she] took every step necessary to correct any deficiencies . . . in reference to the service [of] process error," these brief statements are insufficient to preserve any challenge to the district court's rulings. *See Sapuppo*, 739 F.3d at 681 (explaining that abandonment of a claim can occur "when the passing references to it are made in the 'statement of the case' or 'summary of the argument'").

We therefore conclude that Harris has forfeited any argument that the district court erred in dismissing her claims for failure to timely serve the necessary parties. As such, we **AFFIRM** the dismissal of Harris's complaint and the denial of her motion for reconsideration.